UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

Case #10-CR-6096-FPG

v.

DECISION & ORDER

JAMES KENDRICK,

                Defendant.

By text order of Hon. Charles J. Siragusa, entered on July 8, 2010, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). Dkt. #17. By Decision and Order entered on April 12, 2013 (Dkt. #416), the Magistrate Judge reduced the number of attorneys appointed to represent Defendant following receipt of notification from Attorney General Eric Holder, by letter dated January 24, 2013, that the case against Defendant would not be authorized as a death penalty prosecution. The Magistrate Judge also ordered that under such circumstances, Defendant was "entitled to one appointed attorney who shall be a member of the Western District of New York CJA panel and have offices within the judicial district." *Id.* The Magistrate Judge rendered this determination after oral arguments during which counsel requested continued representation of Defendant. *Id.*

On April 29, 2013, Defendant filed a Pro Se, ex-parte motion (Dkt. #418) objecting to the Decision and Order of the Magistrate Judge which removed counsel and requesting that two CJA panel attorneys previously assigned to represent him, specifically, Bobbi C. Sternheim, Esq. and Daniel J. Henry, Jr., Esq., continue to do so through the completion of motion practice and the conduct of any hearings warranted thereby. Of these two CJA panel attorneys, only Daniel J. Henry, Jr., Esq. maintains an office within the Western District of New York. Defendant alone signed the motion.

Government attorneys, also on April 29, 2013, filed a Motion to Strike Defendant's Pro Se Objection to Removal of Counsel (Dkt. #419), contending that his representation by appointed counsel in this prosecution prohibits the filing of this Pro Se application. While recognizing the rights of criminal defendants to appear Pro Se and to representation by appointed counsel, government attorneys argue that there is no authority ordinarily to exercise both such rights simultaneously. They rely on *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977), *cert. denied*, 435 U.S. 976 (1978) ("There is certainly a right to appear pro se (cites omitted), as well as a right to appointed counsel (cites omitted). Obviously, however, those rights cannot both be exercised at the same time."); *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("This court has held that a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney."). As the government attorneys point out, the Second Circuit in *Tutino* made clear that in the absence of a constitutional or statutory right of a criminal defendant to act as co-counsel, "[t]he decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court." *Id*.

First, the Court will consider this Pro Se ex-parte motion as having been filed as an objection to the proposed findings and recommendations of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Ordinarily, this Court must make a de novo determination of those portions of the Magistrate Judge's proposed findings and recommendation to which objections have been made. In this case, however, the Court finds that it does not need to make such de novo determination because the motion filed by Defendant is not properly filed by his CJA panel attorney of record, and he has not offered any compelling reason for supplementation of the legal services provided by counsel. Moreover, contrary to this indigent Defendant's assertions, the Sixth Amendment does not bestow upon him the right to choose the counsel who represents him. *Caplin & Drysdale, Chartered v. United States*, 491 U. S, 617, 624 (1989) ("Petitioner does not,

nor could it defensibly do so, assert that impecunious defendants have a Sixth Amendment right to choose their counsel. The Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts.") "[A] defendant may not insist on representation by an attorney he cannot afford." *Id.*, quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988). The Court declines to exercise its discretion to permit Defendant to proceed Pro Se respecting this application in view of his representation by a CJA panel attorney in connection with this criminal proceeding. It is also noteworthy that Defendant's CJA panel attorney has not filed any objections to the Magistrate Judge's proposed findings and recommendations within the statutory deadline set forth in 28 U.S.C. § 636(b)(1).

Furthermore, the Court determines that even if it reached the merits of Defendant's application, denial would be warranted. Defendant has set forth no legally cognizable basis to alter, modify or reject the Magistrate Judge's proposed findings and recommendations.

Accordingly, Defendant's motion objecting to the proposed findings and recommendations filed by United States Magistrate Judge Jonathan W. Feldman (Dkt. #418), is hereby denied in all respects.

IT IS SO ORDERED.

DATED: Rochester, New York
May 6, 2013

FRANK P. GERACI, JR.
United States District Judge