UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

Case # 10-CR-6096-FRG

v.

DECISION & ORDER

JAMES KENDRICK,

                        Defendant.

---

By Notice of Motion filed on June 26, 2013 (Dkt. 457), Daniel J. Henry, Jr., CJA panel attorney assigned to represent Defendant James Kendrick, upon counsel's annexed Affidavit and upon all of the proceedings occurring heretofore, has moved this Court on behalf of Defendant seeking an Order recusing this Court on the grounds of bias, prejudice or lack of impartiality, pursuant to Title 28 U.S.C. §§ 144 and 455(a),(b)(1). For the reasons stated below, the motion for recusal is denied.

## BACKGROUND

By Decision and Order entered on April 12, 2013 (Dkt. #416), United States Magistrate Judge Jonathan W. Feldman reduced the number of attorneys appointed to represent Defendant following receipt of notification by letter dated January 24, 2013 from Attorney General Eric Holder that the case against Defendant would not be authorized as a death penalty prosecution. The Magistrate Judge also ordered that under such circumstances, Defendant was "entitled to one appointed attorney who shall be a member of the Western District of New York CJA panel and have offices within the judicial district." *Id.* The Magistrate Judge rendered this determination after oral arguments during which counsel requested continued representation of Defendant. *Id.*

Thereafter, on April 29, 2013, Defendant filed a Pro Se, ex parte motion (Dkt. #418)

objecting to the Decision and Order of the Magistrate Judge which removed counsel and requesting that two CJA panel attorneys previously assigned to represent him, specifically, Bobbi C. Sternheim, Esq. and Daniel J. Henry, Jr., Esq., continue to do so through the completion of motion practice and the conduct of any hearings warranted thereby. Of these two CJA panel attorneys, only Daniel J. Henry, Jr., Esq. maintains an office within the Western District of New York. Defendant alone signed the motion.

Also on April 29, 2013, Government attorneys filed a Motion to Strike Defendant's Pro Se Objection to Removal of Counsel ("Motion to Strike") (Dkt. #419), contending that his representation by appointed counsel in this prosecution prohibits the filing of this Pro Se application. While recognizing the rights of criminal defendants to appear Pro Se and to representation by appointed counsel, Government attorneys argued that there is no authority ordinarily to exercise both such rights simultaneously. They relied on *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977), *cert. denied*, 435 U.S. 976 (1978) ("There is certainly a right to appear pro se (cites omitted), as well as a right to appointed counsel (cites omitted). Obviously, however, those rights cannot both be exercised at the same time."); *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("This court has held that a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney."). As the Government attorneys pointed out, the Second Circuit in *Tutino* made clear that in the absence of a constitutional or statutory right of a criminal defendant to act as co-counsel, "[t]he decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court." *Id.*

By Decision & Order dated May 6, 2013 (Dkt. #430), this Court considered Defendant's Pro Se ex parte motion as having been filed as an Objection to the proposed findings and recommendations of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), but determined that

it did not need to make such de novo determination because the motion filed by Defendant was not properly filed by his CJA panel attorney of record, and Defendant had not offered any compelling reason for supplementation of the legal services provided by counsel. Moreover, this Court stated that contrary to Defendant's assertions, the Sixth Amendment does not bestow upon him the right to choose the counsel who represents him.

> Petitioner does not, nor could it defensibly do so, assert that impecunious defendants have a Sixth Amendment right to choose their counsel. The Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts. "[A] defendant may not insist on representation by an attorney he cannot afford." *Wheat, supra* at 159, 108 S.Ct., at 1697.

*Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989).

The Court, therefore, declined to exercise its discretion to permit Defendant to proceed Pro Se respecting the application in view of his representation by a CJA panel attorney in connection with this criminal proceeding and noted the absence of any filed objections to the Magistrate Judge's findings and recommendations within the statutory deadline set forth in 28 U.S.C. § 636(b)(1) by Defendant's CJA panel attorney. Dkt. #430. Furthermore, the Court determined that even if it reached the merits of Defendant's application, denial would be warranted, because Defendant had set forth no legally cognizable basis to alter, modify or reject the Magistrate Judge's proposed findings and recommendations. *Id.* Accordingly, the Court denied in all respects Defendant's motion objecting to the findings and recommendations filed by United States Magistrate Judge Jonathan W. Feldman (Dkt. #416). *Id.*

Subsequently, in response to correspondence from Defendant dated May 10, 2013, wherein he submitted under seal a Pro Se ex parte request for reconsideration, for purposes of "continuous representation" and "in the interest of justice," of the decision denying his

3

objections to the reduction of the number of attorneys appointed to represent him, this Court, by letter dated May 15, 2013, denied such request. Therein, the Court advised Defendant to consult with his assigned CJA panel attorney regarding his concerns, further stating that, "Upon reading your *pro se ex parte* submission, the Court has discerned no reason to revisit its previous decision, or to reconsider your request for reappointment of Bobbi C. Sternheim, Esq., as legal counsel and for continuous representation by her." The instant Notice of Motion for recusal (Dkt. #457) ensued. On July 3, 2013, the Government filed its Memorandum in Opposition to James Kendrick's Motion for Recusal, characterizing Defendant's motion as "frivolous" and requesting summary denial. Dkt. #470.

## DISCUSSION

In his affidavit on behalf of Defendant, counsel alleges that this Court forsook the duties imposed upon federal judges by 28 U.S.C. § 144 and 28 U.S.C. § 455(a),(b)(1) to remain unbiased, unprejudiced and impartial. The statutes upon which Defendant relies as a basis for the recusal motion are set forth herein below.

Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for the failure to file it within such time. A party may file only once such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 of the statute, in relevant parts cited by counsel, states:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party.

Stating that "[a] motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or related case," (Dkt. #457 at 2, ¶ 4), counsel argues on Defendant's behalf, however, that "an exception to the general rule that the disqualifying bias must stem from extrajudicial sources in the situation in which 'such pervasive bias or prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'" *See Davis v. Board of School Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975). Particularly, counsel contends that the Court's impartiality was called into question when it considered and was influenced by the Government's Motion to Strike in the decision to deny Defendant's request for reappointment of the second attorney. Dkt. #457 at 3, ¶¶ 8-10. Furthermore, according to counsel, by refusing to reconsider this ruling, the Court "displayed a deep-seated and unequivocal antagonism" and "such a high degree of favoritism towards the prosecution that the defense fears that fair judgment will be impossible in this case." *Id.* at 2, ¶ 12.

For the reasons set forth herein below, this Court disagrees that recusal is warranted. Defendant's motion for recusal is denied in its entirety.

Considering Defendant's arguments, it is apparent that he makes no claim for recusal on the basis of bias or prejudice stemming from any "extrajudicial source." ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)). He, instead, ascribes to this Court improper motivation, i.e., a high degree of favoritism toward the prosecution, which he avers is the source of the alleged partial rulings against him.

5

In *Liteky v. United States*, 510 U.S. 540, 548 (1994), the Supreme Court was asked to interpret and clarify the interplay between the recusal rules set forth in Section 144 and Section 455 relative to the "extrajudicial source" doctrine, ruling that required recusal under Section 455(a), like that in Section 144 and 455(b), is subject to the limitation of such doctrine. After undertaking an extensive and thorough review of the historical development and implementation of the aforementioned recusal statutes, *Liteky* found the standard for bias or prejudice under Section 144 to be identical to disqualification for bias and prejudice under Section 455(b)(1) ("Specifically, paragraph (b)(1) entirely duplicated the grounds of recusal set forth in § 144 ('bias or prejudice'), but went on to characterize Section 455(a) as a "'catchall' recusal provision, covering both 'interest or relationship' and 'bias or prejudice,' (citation omitted), [requiring evaluation] on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Id.* at 548. Thus, under § 455(a), which expanded § 455(b)(1), recusal is not limited to cases of actual bias, but rather "requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased...whenever 'impartiality might reasonably be questioned.'" *Id.* Or, as the Second Circuit differently phrased the query, "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice could not be done absent recusal?" *U.S. v. Bayless*, 201 F.3d. 116, 126 (2d Cir. 2000) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860, (1988)). Significant limitations on the broad reach of § 455(a) exist to preclude disqualification "on the basis of remote, contingent, indirect or speculative interests" (cites omitted). *Id.* at 127.

The *Liteky* Court explained that an extrajudicial source is not the only basis for disqualification: it "is the only *common* basis [for disqualification] but not the *exclusive* one, since it is not the exclusive reason a predisposition can be wrongful or inappropriate." *Liteky v.*

6

*United States*, 510 U.S. at 551. Adverse judicial rulings in the same or related case may not ordinarily serve as the basis for a motion for recusal.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.*, at 28 (internal quotation marks omitted).

*Id.* at 555. Thus, recusal is not warranted where the complained of judicial conduct consists of "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable), and where all occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id. at 556*.

Even accepting as true the allegations of partiality as set forth in counsel's affidavit,[1] the affidavit is legally insufficient under § 144 to establish that this Court has exhibited a personal

---

[1] Accompanying counsel's affidavit is a "Certificate of Counsel" (Dkt. #457, Ex. 7), certifying that as the attorney of record for Defendant, the motion to recuse is made in good faith.

7

bias or prejudice against Defendant himself or his interests so as to require recusal. The recusal motion, made at the behest of Defendant, a party to this action, does not include an affidavit from him. Even if the Court were to overlook this deficiency, the motion for recusal pursuant to § 144 would warrant denial. At best, counsel's affidavit sets forth grossly conclusory allegations stating what his client believes to be or have been this Court's mindset and mental machinations or processes involved in arriving at the decision to deny his requests to keep a panel attorney of his own choosing. Although § 455(b)(1) foregoes the requirement of a party affidavit, it is now understood that the requisite showing for bias or prejudice under this provision is identical to that required under § 144. The requisite showing for recusal is lacking on this ground, as well.

Furthermore, the instant case is simply not one of those rare cases about which Justice Scalia opined in *Liteky* i.e., one demonstrating a deep-seated favoritism or antagonism that because of its extreme nature would make fair judgment impossible. Defendant's claim of bias and prejudice is based upon this Court's own rulings made when deciding adversely his requests for retention of the panel attorney of his choosing and for reconsideration of such determination. Given the absence of any reasonable basis of partiality, no objective, disinterested observer fully informed of the underlying facts, would entertain any doubt, significant or otherwise, that justice could not be done absent recusal in this case.

In any event, Defendant has failed to specify how the simple fact of the Court's adverse ruling implicated or translated into wrongful or inappropriate favoritism toward the position articulated by Government attorneys or a deep-seated antagonism towards him. The decision regarding legal representation of this indigent defendant rested within the discretion of this Court and in no way depended upon the opinion of Government attorneys, however well-founded. Unfortunately, Defendant conveniently has chosen to ignore the simplest components of reality. First, the Sixth Amendment does not bestow upon him the right to choose the counsel who

represents him. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989); *U.S. v. Parker*, 469 F.3d 57, 61 (2d Cir. 2006) (citing *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) ("[A]n indigent defendant has no right to choose the particular counsel appointed to represent her.")). Second, "[t]here is no constitutional right to continuity of appointed counsel." *U.S. v. Parker*, 469 F.3d at 62 (citing generally *Morris v. Slappy,* 461 U.S. 1, 11-13, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (noting that there is no right to a "meaningful attorney-client relationship")). This Court stated as much in its decision and order and reiterated this position as the justification underlying its denial of Defendant's pro se reconsideration request.

Defendant has not offered anything of import which gives even the remotest hint that this Court, in its review of the papers submitted or the analysis employed to reach its legal conclusions, ignored or failed to consider constitutional requirements, the applicable decisional law, pertinent statutes and rules governing his circumstances. In the absence of any evidence demonstrating actual, personal bias or prejudice, or such a high degree of favoritism or antagonism on the part of this Court so as to render fair judgment impossible, granting the motion for recusal is unwarranted.

The motion seeking recusal filed on June 26, 2013 (Dkt. #457) is hereby denied in its entirety.

IT IS SO ORDERED.

Dated: Rochester, New York
July 31, 2013

_____
HON. FRANK P. GERACI, JR
United States District Judge